IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **SHAWN LAMONT FRANKLIN,**    ) | |
|     Plaintiff,    ) | Case No. 7:22-cv-00237 |
|         ) | |
| v.    ) | |
|         ) | By: Michael F. Urbanski |
| **NAPH CARE INC., et al.,**    ) | Chief United States District Judge |
|     Defendants.    ) | |

## MEMORANDUM OPINION

Shawn Lamont Franklin, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Naph Care Inc. ("Naph Care"), S. Walsh, and the Roanoke City Jail ("the Jail"). The case is now before the court for review under 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### I.   Background

Franklin claims that he was exposed to COVID-19 and hepatitis A in April 2022, "after the staff of Naph Care Inc. and [the] Roanoke City Jail failed to take care of their inmates." Compl., ECF No. 1, at 3. He alleges that he contracted COVID-19 from another inmate who was housed in the same unit even though the inmate "looked sick." Id. Franklin was then moved to a quarantine unit, where he learned that the Jail was experiencing a "hepatitis outbreak." Id. Franklin subsequently "asked for a hepatitis shot and a COVID shot," but he "only received [a] COVID shot." Id. He eventually received a "hepatitis A shot" on April 19, 2022, "after [he] was exposed to hepatitis A." Id.

Franklin faults the Jail and Naph Care for "wait[ing] until there [was] an outbreak" to provide the requested vaccinations. Id. He emphasizes that he "asked for help which both times [was] given to [him] after the fact [and] never before." Id. at 4. Franklin contends that he "never received any help until after [the Jail and Naph Care] felt a need to help . . . people that are like [him] to care for their health." Id. For relief, he seeks "compensation" and "immediate care" in the future. Id. at 2.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); see also 42 U.S.C. § 1997e(c) (requiring the same review in any § 1983 action filed by an inmate "with respect to prison conditions") On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also 42 U.S.C. § 1997e(c)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, a pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Franklin's complaint fails to state a plausible claim for relief under § 1983 against any of the named defendants.

It is well settled that a state or local correctional facility is not a "person" subject to liability under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that local jails in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Consequently, the Jail is not a proper defendant in this action.

Although a private corporation can be a proper defendant in a § 1983 action, the complaint does not state a viable claim for relief against Naph Care. The United States Court of Appeals for the Fourth Circuit has held that "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Here, Franklin does not allege that he suffered a deprivation of his federal constitutional rights as a result of an official policy or custom of Naph Care. Nor does he "plead[] factual content that allows the court to draw the reasonable inference" that an official policy or custom contributed

3

to the deprivation of a federal constitutional right. Iqbal, 556 U.S. at 678. Accordingly, the complaint fails to state a claim against Naph Care.

The only other defendant named in the complaint is S. Walsh. Aside from the case caption, however, the complaint does not mention Walsh and therefore does not provide any indication as to what Walsh did to allegedly violate Franklin's constitutional rights. Therefore, the complaint fails to state a claim against Walsh. See Iqbal, 556 U.S. at 676 (explaining that a plaintiff in a § 1983 action must plead that the defendants, through their own individual actions, violated the Constitution).

## IV. Conclusion

For the foregoing reasons, the court concludes that Franklin's complaint is subject to dismissal for failure to state a claim against the named defendants. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses.* An appropriate order will be entered.

Entered: August 3, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.08.03 18:19:10 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

* This action is one of two actions arising from Franklin's possible exposure to hepatitis A in which he names Naph Care and Walsh as defendants. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)). Thus, if Franklin elects to file an amended complaint against Naph Care or Walsh, he may do so in this action or in Franklin v. Naph Care Inc., 7:22-cv-00245. He may not pursue two actions against these defendants based on the same facts.